UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMY BETH OUTLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:24-CV-370-PPS-AZ |
| | ) |
| FRANCISCAN HEALTH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Amy Beth Outland, representing herself, has sued her employer, Franciscan Health, and three employees who work at Franciscan for alleged violations of the Americans with Disabilities Act. Defendants collectively move to dismiss Outland's complaint for failure to state a claim. Seventh Circuit precedent is clear Outland cannot bring an ADA claim against the employee defendants, but, given the liberal pleading standards for *pro se* plaintiffs, her ADA claim against Franciscan may proceed. Defendants' motion to dismiss is therefore granted in part and denied in part.

### Background

For purposes of this opinion, I take all well-plead facts as true. This includes the facts in Outland's response brief to the extent they are consistent with her complaint. *See Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (on a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs.") (citing Fed. R. Civ. P. 10(c)).

Since 2011, Outland has worked as a Guest Services Representative at

1

Franciscan's location in Olympia Fields, Illinois. [DE 6 at 5; DE 27-2 at 2.] She moved to Indiana in 2019 but continued to work at the Olympia Fields location. [DE 6 at 5.] Outland says she waited for a similar Guest Services Representative position to open at a Franciscan location in Indiana. [*Id.*]

When a position opened at Franciscan's Munster, Indiana location, Outland applied. [*Id.*] Franciscan interviewed her on February 14, 2024. [*Id.*] Outland told the interviewers (presumably the employee defendants) that she wished to transfer her seniority, pay, and current ADA accommodation to the Munster position. [*Id.*] The interviewers told Outland she could transfer none of those things, including her ADA accommodation. [*Id.*] In her Complaint, Outland describes herself as having a physical disability that requires wheelchair use. [*Id.*] In her response to Defendants' motion to dismiss, Outland says she has Cerebral Palsy. [DE 27-2 at 2.] She also tells me that she has difficulty with her vision which makes driving very difficult. [*Id.* at 3.]

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a

2

cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, as is relevant here, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

### I.  Outland Fails to State a Claim Against the Employee Defendants

The ADA forbids disability discrimination by a "covered entity." 42 U.S.C. § 12112(a). A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" is further defined as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person[.]" 42 U.S.C. § 12111(5)(A). The Seventh Circuit has interpreted these provisions of the ADA to generally prohibit suits against individual employees. In *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, the Seventh Circuit held that "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA." 553 F.3d 1276, 1279 (7th Cir. 1995).

Straightforward application of Seventh Circuit precedent forecloses Outland's claims against Young, Bajzatt[1], and McFarland. The ADA does not provide liability "against individual employees or supervisors", as all three Franciscan employees appear to be. *See Jaromin v. Town of Yorktown*, 697 F.Supp.3d 816, 846 (S.D. Ind. 2023).

---

[1] Defendants refer to Judith Bajzatt in their briefing, waiver of service form [DE 18], and notice of appearance [DE 16], though she is listed as "Judith Bauzatt" on the docket. The Court will use the spelling of Bajzatt for purposes of referring to this defendant.

Accordingly, Outland has failed to state a claim against the three employee defendants. Outland does not contest this point in her response.

## II. Outland States a Plausible ADA Claim Against Franciscan

Let's move now to Franciscan, Outland's employer, which argues that Outland has failed to allege a prima facie case of discrimination under the ADA. To establish her prima facie claim, Outland must establish that (1) she has a disability as defined by the ADA; (2) she is qualified to perform the essential functions of the job with or without a reasonable accommodation; and (3) her employer took an adverse employment action against her because of her disability or failed to make a reasonable accommodation. *Feldman v. Olin Corp.*, 692 F.3d 748, 753 (7th Cir. 2012). Franciscan argues Outland failed to plausibly allege facts that support all three required elements of her claim.

It is important to remember, however, that we find ourselves at the twilight of this case at the motion to dismiss stage. This distinction is important because plaintiffs "[do] not need to plead a prima facie case of discrimination." *Etheridge v. Midland Paper Co.*, No. 24-2693, 2025 WL 1672151, at *2 (7th Cir. June 13, 2025); *Vance v. Orthopedic & Sports Med. Ctr. of N. Ind.*, Cause No. 3:13 CV 652, 2014 WL 321692, at *3 ("To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff need not prove, or submit evidence in support of, her prima facie case-she need only allege facts that, if accepted as true, state a plausible ADA claim.").

Franciscan argues Outland has pled only conclusory allegations of a "physical disability, wheelchair use" that does not satisfy the pleading standards for an ADA

disability. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). To be "regarded as" disabled, an individual's employer "must believe, rightly or wrongly, that the employee has an impairment that substantially limits one or more major life activities." *Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 (7th Cir 2011).

Franciscan cites *E.E.O.C. v. United Parcel Serv., Inc.*, No. 09-CV-5291, 2010 WL 3700704 (N.D. Ill. Sept. 10, 2010) as authority supporting dismissing an ADA claim "for failure to identify the specific disability and limitations." [DE 26 at 3.] But that's not quite right. In that case, the court concluded that an EEOC complaint failed to allege the plaintiff was qualified to perform her essential job functions, which is the second element of a prima facie case. *United Parcel Serv., Inc.*, 2010 WL 3700704 at *3. The court did not, contrary to Franciscan's summary, dismiss the plaintiff's complaint for failure to identify a specific disability.

Indeed, the court recognized the complaints at issue "need not contain specific facts establishing all three elements" but instead must "must plead sufficient facts to put UPS on notice of the claims against it and to state a claim to relief that is plausible on its face." *Id.* at *2. At the very least, Outland's allegations that Franciscan currently provides her with an ADA accommodation at its Olympia Fields location plausibly suggests she is disabled under a "regarded as" theory. And she has alleged her disability requires use of a wheelchair, which is a substantial limitation on walking, a

5

"major life activity" under the ADA. *See* 29 C.F.R. § 1630.2(i). Franciscan's argument that its Munster location was unaware of her disability is unpersuasive. Outland has pled facts sufficient to suggest that both the Olympia Fields and Munster locations were aware of her disability.

Franciscan also argues Outland has not alleged facts to plausibly suggest she is a "qualified individual" under the ADA. It's a rather curious argument given she presently holds a position with the same job title at another Franciscan location. A "qualified individual" is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Outland says she is applying for a transfer to the same position, Guest Services Representative, that she currently holds. Franciscan focuses on Outland's comment in her response that Franciscan denied her transfer because of her "lack of hourly availability" needed for the Munster position. [DE 27-2 at 2.] Outland claims her limited availability is the direct result of her current accommodation.

To be considered a qualified individual that can perform the "essential functions" of a full time-job, a disabled individual, with or without an accommodation, must "be capable of working full-time." *See DeVito v. Chi. Park Dist.*, 270 F.3d 532, 534 (7th Cir. 2001). If Outland cannot perform the duties of a full-time job with an accommodation, and if the Munster position requires full-time hours, she indeed has not plausibly alleged she is a qualified individual. But the email from McFarland that Outland attaches to her complaint says Franciscan denied her transfer because the Munster

6

position "requires 20 hours/week and the schedule requirements did not meet what you were looking for." [DE 6-1 at 5.] This email suggests the Munster position is not a full-time position, and, under the liberal pleading standards for *pro se* plaintiffs, I find Outland has plausibly stated she applied for a like position that she could have performed the essential duties of with an accommodation. If the Munster position indeed has different hours or other requirements that exceed her current position in Olympia Fields and cannot be accommodated, as Franciscan suggests, that dispute is better resolved based on facts learned in discovery, not from allegations in a complaint.

Finally, Franciscan argues Outland has failed to allege an adverse employment action. This is a close call. Outland's alleged adverse employment action is Franciscan's denial of her request to transfer to Munster. Outland says she applied for a like position, which could be considered a lateral transfer. The law is clear in the Seventh Circuit that denial of a request "for a lateral transfer offering parallel pay, benefits, and responsibilities . . . does not constitute adverse employment action." *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 275 (7th Cir. 2004); *Ballard v. Potter*, No. 2:02-CV-498 PS, 2005 WL 8170067, at *7 (N.D. Ind. Mar. 22, 2005) (same).

For a denial of a request to transfer to be an adverse employment action, plaintiffs must plead facts that suggest a *negative* change in the terms or status of their employment if they remain at their current position. *Dandy*, 388 F.3d at 275; *Doe v. Teachers Council, Inc.*, 757 F.Supp.3d 1142 (D. Or. 2024). On this point, Outland has done enough to survive dismissal. Outland says transfer to the Munster position is a "geographical and economic necessity" because she "cannot drive due to visual

7

impairment" caused by her disability. [DE 27-2 at 3.] While Outland appears to maintain her current employment at Franciscan's Olympia Fields location, her complaint plausibly alleges that Franciscan's denial of her request to transfer from Olympia Fields to Munster has resulted in a negative change to her employment terms and status. It will be up to Outland to shore up this theory through discovery.

## Conclusion

For the aforementioned reasons, Defendants Franciscan Health and its employees Linda Young, Judith Bajzatt (listed on the docket as Judith Bauzatt), and Haleigh McFarland's Motion to Dismiss [DE 25] is **GRANTED IN PART and DENIED IN PART**. Outland's claim against Linda Young, Judith Bajzatt (listed on the docket as Judith Bauzatt), and Haleigh McFarland is dismissed with prejudice for failure to state a claim. The Clerk shall enter judgment in favor of these three defendants and against Outland. Outland's claim against Franciscan Health the entity may proceed.

SO ORDERED.

ENTERED: September 19, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT